## Case No. 8,050.

### LANE v. DYER.

[2 Cranch, C. C. 349.] [1]

Circuit Court, District of Columbia. Oct. Term, 1822.

PROMISSORY NOTE — CONSIDERATION — BOND TO CONVEY LAND, HAVING NO TITLE.

A bond to convey land is a good consideration for a promissory note for the purchase-money, although the payee of the note, who had given the bond of conveyance, had not the legal title and could not convey it when the note became payable. The indorsee of the note who has the legal title to the land and the pow-

[1] [Reported by Hon. William Cranch, Chief Judge.]

er to convey it, may sustain an action against the maker, without tendering a title.

This was an action by the administrator of the indorsee of the defendant's promissory note, payable to the order of Richard Forrest and Richard Cutts, and by them indorsed to the plaintiff's intestate. The note was given for part of the purchase-money of a city lot to which the payees Forrest and Cutts had no title at law, but had given their bond to convey it to the defendant upon his payment of the purchase-money. It was agreed that Lane, the indorsee, knew that the note was given for the purchase of that lot, and, being the city commissioner, had power to convey it; the title being in the United States; and would have conveyed it if the purchase-money had been paid.

Mr. Ashton, for defendant, contended that the note was void for want of consideration, as the payees had no title, and cited Chit. Bills. 92, 93; Moggridge v. Jones, 14 East. 486, 3 Campb. 38; Basten v. Butter, 7 East, 479, 485; Duncan v. Scott, 1 Campb. 100.

Mr. Forrest and Mr. Jones, contra. The bond of conveyance was a sufficient consideration; and the plaintiff's intestate had power to convey and would have conveyed the legal title upon payment of the money.

THE COURT (THRUSTON, Circuit Judge, absent) said that the bond was a good consideration for the note, and that as the defendant had never tendered the money and demanded a title, there was no failure of consideration. Verdict for plaintiff.